## The People of the State of Illinois ex rel. Sarah Sullivan v. Jesse Johnson.

1. EVIDENCE—*Opinions as to Period of Gestation in Bastardy Cases.*— In a bastardy case, turning upon the question whether a child had seen the full, or natural period of gestation, a physician professing to be informed on the subject may be allowed to give his opinion on the question involved, the opinion being based on the appearance of the child at the age of thirteen months.

2. SAME — *Foundation for Hypothetical Questions.*—Whether the expert evidence introduced establishes the facts upon which hypothetical questions are based, is for the jury, and if it tends to do so, it is proper to allow the questions to be asked.

3. SAME—*As to Length of Period of Gestation in Bastardy Cases.*— In a bastardy case, turning upon the question whether more than seven

months had elapsed between the act of connection and the birth of the child, an expert witness may be allowed to testify that in case the child in question had been a seven months' child, and had been treated at its birth in the manner the evidence showed, the chances for its survival would have been small.

4. ERROR—*As to Admission of Evidence as Ground for Reversal.*— Where the great preponderance of the evidence was in favor of the appellee, a slight error in the admission or rejection of evidence is not sufficient cause for a reversal of the judgment.

**Bastardy.**—Appeal from the County Court of La Salle County: the Hon. HENRY W. JOHNSON, Judge, presiding. Heard in this court at the December term, 1896. Affirmed. Opinion filed July 1, 1897.

V. J. DUNCAN, State's attorney, and HALL & HAIGHT, attorneys for appellants.

" Medical men, when called as scientific witnesses, can not give their opinion as to the merits of the cause, but their opinions must be predicated upon facts proved." Pyle et al. v. Pyle et al., Vol. 41 Northeastern Reporter, 999; Chicago & Alton Ry. Co. et al. v. The Springfield & N. W. Ry. Co., 67 Ill. 142; C., R. I. & P. Ry. Co. v. Moffitt, 75 Ill. 524, Sec. 1; Greenleaf on Evidence, Sec. 440; Louisville, New Albany & Chicago Ry. Co. v. Shires, Adm., 108 Ill. 617; Schneider et al. v. Manning et al., 121 Ill. 376; Henry v. Hall, 13 Ill. App. 343; Hoerner v. Koch et al., 84 Ill. 408.

TRAINOR & BROWNE, attorneys for appellee.

" On questions of science, skill or trade, or others of the like kind, persons of skill, sometimes called experts, may not only testify to facts, but are permitted to give their opinions in evidence. Thus, the opinions of medical men are constantly admitted as to the cause of disease, or of death, or the consequence of wounds, and as to the sane or insane state of a person's mind, as collected from a number of circumstances of professional skill, and such opinions are admissible in evidence, though the witness founds them, not on his own personal observation, but on the case itself, as proved by other witnesses on the trial." 1 Greenleaf on

Evidence, Sec. 440; Starkie's Evidence, 154; Schneider et al. v. Manning et al., 121 Ill. 387; O. & M. Ry. Co. v. Webb, 142 Ill. 404; O. & M. Ry. Co. v. Neutzel, 143 Ill. 46; Natl. G. & F. Co. v. Miethke, 35 Ill. App. 629.

The party seeking an opinion of an effect, may, within reasonable limits, put his case hypothetically as he claims it to have been proved, and take the opinion of the witness therein, leaving the jury to determine whether the case as put is the one proved. Am. & Eng. Ency. of L., Vol. 7, p. 514, citing long line of State decisions; McFall v. Smith, 32 Ill. App. 472.

" The claim is that a hypothetical question may not be put to an expert, unless it states the facts as they exist. It is manifest, if this is the rule, that in a trial where there is a dispute as to the facts, which can be settled only by the jury, there would be no room for a hypothetical question. The very meaning of the word " (hypothetical) " is that it supposes, assumes something for the time being. Each side, in an issue of facts, has its theory of what is the true state of facts, and assumes that it can prove it to be so to the satisfaction of the jury, and so assuming shapes hypothetical questions to experts accordingly." Cowley v. People, 83 N. Y. 464; Erickson v. Smith, 2 Abb. App. Dec. (N. Y.) 64; People v. Lake, 12 N. Y. 358; Seymour v. Fellows, 77 N. Y. 178; Guiterman v. Liverpool Oc. N. Y. & P. S. Co., 83 N. Y. 359, 364.

MR. JUSTICE LACEY DELIVERED THE OPINION OF THE COURT.

This was an action at the complaint of Sarah E. Sullivan, an unmarried woman, charging appellee Jesse Johnson with being the father of her bastard child.

The parents of the parties were farmers, living in Allen township, LaSalle county, Illinois, and were Norwegians.

The case of the appellant rests upon her unsupported evidence as to the act of copulation between her and appellee, which she claims caused her pregnancy, and, as she testified, took place on the night of July 21, A. D. 1894, at the home of one of their neighbors, named Hegaland, where

appellee and Miss Sullivan were guests. The child was born February 24, 1895, and it is claimed by appellant that the pregnancy took place on the 21st July, 1894, as a result of the act of copulation, said to have taken place at the time alleged.

It is also claimed that one other act of sexual intercourse took place between Sarah E. Sullivan and appellee in October, 1894, at the complaining witness' father's residence, in the barn.

These are the only two acts of sexual intercourse that ever took place between them, according to the testimony of the complaining witness.

The case of appellant rests entirely on the unsupported evidence of Sarah E. Sullivan, and is contradicted by the evidence of appellee, who testified that he never had had sexual intercourse with her at any time, or with any other woman, and had never made any propositions or advances to her with that end in view. Appellee was about twenty-two years old at the time and the complaining witness about thirty years old.

Prior to the fifth day of July, 1894, the complaining witness had been residing in Minnesota with relatives for some six months, and had then returned to her father's home in La Salle county, Illinois.

The appellee was corroborated by the facts and circumstances shown in evidence and by the evidence of medical experts, tending to show that from the testimony given and the appearance of the child at the birth, as testified to by the attending physician, it had seen the full period of 285 days, the natural period of gestation, and could not have been born 218 days from the period of conception, which it must have been, if the complaining witness' testimony was true.

There was other evidence corroborating appellee's testimony, in whose favor the jury returned a verdict, finding appellee not to be the father of the child.

The evidence was abundant to sustain the verdict of the jury, and it is not even insisted by counsel for appellant that the verdict was against the weight of the evidence.

It is complained that the court below erred in admitting certain evidence of experts on the question as to whether the child was a nine months' child or the reverse.

And one of the points is that Dr. Hathaway was allowed to testify as to whether the child was in his opinion a nine months' uterine child, or about that old at the time of its birth; this judgment being based on the appearance of the child as he saw it running about in the court room. The child was not introduced in evidence before the jury and we see no reason why the doctor could not be allowed to testify as to his opinion, judging from the development of the child at the time, as he professed to be able to do. The child was then thirteen months old.

It is complained that other of the expert testimony as to the period of gestation of the child was not based on the evidence.

In answer to this objection we may say that appellee insisted that the expert evidence tended to establish the facts upon which the hypothetical questions were based, and whether it did so or not was a proper question for the jury. It was proper therefore for the court to allow the questions to be propounded by appellee's counsel to the witnesses, taking care not to allow the questions to be so framed as to mislead the jury.

It is also objected that an expert witness was allowed to testify, in substance, that in case the child in question had been a seven months' child and had been treated in the same manner as the evidence tended to show this one was cared for at its birth, the chances of its survival would have been greatly against it. The object of this testimony was to show this fact bearing on the disputed question as to whether the child was a nine months' child, as claimed by appellee, and hence he is not guilty.

We see no reversible error in this ruling of the court.

In view of the fact that the great preponderance of the evidence was in favor of the appellee, no slight error of the court, if any were made in the admission or rejection of evidence, would be sufficient cause for reversal.

Some complaint is made as to the giving and refusing of instructions, but after a careful examination we are of the opinion that the jury was fairly and properly instructed and could not have been misled.

The judgment of the court below is therefore affirmed.